DECISION AND JUDGMENT ENTRY
This matter is before the court on appeal from the Toledo Municipal Court. Appellant, The Vistula Management Company, appeals the municipal court's denial of their complaint for a writ of restitution in a forcible entry and detainer action.
Appellant operates Vistula Heritage Village, a federally subsidized apartment complex in Toledo, Lucas County, Ohio. On October 30, 1998, appellee, Angela Wells, entered into a lease for an apartment in Vistula Heritage Village. Following proper statutory notice, appellant filed a complaint in forcible entry and detainer seeking restitution of the premises. Appellant alleged that appellee had engaged in illegal activity inside of the premises.
A hearing on the complaint was held on April 25, 2000. On May 8, 2000, the magistrate issued a decision denying appellant's complaint for a writ of restitution. Specifically, the magistrate held that appellant failed to prove that appellee had knowledge of the illegal activity. Appellant responded by filing objections to the magistrate's decision, but, on July 7, 2000, the trial court filed a judgment entry finding the objections not well-taken and affirming the decision denying appellant a writ of restitution. It is from that judgment that appellant now appeal setting forth the following assignment of error:
 "THE LOWER COURT ABUSED ITS DISCRETION IN DENYING HERITAGE A JUDGMENT OF POSSESSION."
At the hearing, Toledo Police Detective Brian Gaylord testified that on February 13, 2000, he executed a search warrant at appellee's apartment. Inside the apartment, Detective Gaylord testified he found a small amount of marijuana. Detective Gaylord testified that an occupant of the apartment, John Poole, was arrested for obstructing official business in that he attempted to block the officer's entrance into the apartment. Poole and Wells were both charged with possession of marijuana.
Appellee testified that on February 13, 2000, John Poole babysat her two children while she was at work. She returned home to the apartment at approximately 11:00 p.m. Appellee testified that she was not aware that Poole had used marijuana in her apartment. Appellee testified that she does not allow people to bring or smoke marijuana in her apartment. At approximately, 11:30 p.m., the police arrived with a search warrant.
Carmen Taylor, manager of Vistula Heritage Village, testified that on February 25, 2000, she hand delivered a notice to appellee which read in pertinent part:
"Dear Ms. Wells:
 "This serves as a three(3)notice of termination of lease and notice to leave your premises at 714 Bush, #C, Toledo, Ohio. You have three (3) days after your receipt of this notice or until March 3, 2000, in which to vacate your premises. Otherwise, an eviction complaint will be filed and served upon you.
 "The grounds for this notice of termination are as follows:
 "1) On or about February 13, 2000, a search warrant was executed. During the search, mail, baggies, baggies with marijuana, marijuana and cash were confiscated.
 "2) You have violated R.C. 1923.02(A) (6)(a)(i) and (ii) and (b) in that the search warrant was executed as a result of drug activity;
 "3) You have additionally violated paragraph 13 of your lease which prohibits drug-related conduct;
 "4) You were arrested and charged with possession of marijuana pursuant to the evidence found as a result of the executed search warrant."
Appellant contends that the court abused its discretion in denying their complaint in restitution. We disagree.
R.C. 1923.02 states:
 "(A) Proceedings under this chapter may be had as follows:
"* * *
 "(6)In any other case of the unlawful and forcible detention of lands or tenements. For purposes of this division, in addition to any other type of unlawful and forcible detention of lands or tenements, such a detention may be determined to exist when both of the following apply:
 "(a) A tenant fails to vacate residential premises within three days after both of the following occur:
 "(i) His landlord has actual knowledge of or has reasonable cause to believe that the tenant, any person in the tenant's household, or any person on the premises with the consent of the tenant previously has or presently is engaged in a violation of Chapter 2925. or 3719. of the Revised Code, or of a municipal ordinance that is substantially similar to any section in either of those chapters, which involves a controlled substance and which occurred in, is occurring in, or otherwise was or is connected with the premises, whether or not the tenant or other person has been charged with, has pleaded guilty to or been convicted of, or has been determined to be a delinquent child for an act that, if committed by an adult, would be a violation as described in this division."
Pursuant to the foregoing statute, a landlord may evict a tenant when the landlord has "actual knowledge of" or "reasonable cause to believe" that the tenant or anyone in the tenant's household, while on the premises, has engaged in an offense involving a controlled substance. The statute then goes on to define "actual knowledge and/or reasonable cause to believe."
 "For purposes of this division, a landlord has `actual knowledge of or has reasonable cause to believe' that a tenant, any person in the tenant's household, or any person on the premises with the consent of the tenant previously has or presently is engaged in a violation as described in this division if a search warrant was issued pursuant to Criminal Rule 41 or Chapter 2933. of the Revised Code; the affidavit presented to obtain the warrant named or described the tenant or person as the individual to be searched and particularly described the tenant's premises as the place to be searched, named or described one or more controlled substances to be searched for and seized, stated substantially the offense under Chapter 2925. or 3719. of the Revised Code or the substantially similar municipal ordinance that occurred in, is occurring in, or otherwise was or is connected with the tenant's premises, and states the factual basis for the affiant's belief that the controlled substances are located on the tenant's premises; the warrant was properly executed by a law enforcement officer and any controlled substance described in the affidavit was found by that officer during the search and seizure; and, subsequent to the search and seizure, the landlord was informed by that or another law enforcement officer of the fact that the tenant or person has or presently is engaged in a violation as described in this division and it occurred in, is occurring in, or otherwise was or is connected with the tenant's premises." (emphasis ours).
The statute is clear that "actual knowledge and/or reasonable cause to believe" is derived from the fact that a search warrant was issued pursuant to Crim.R. 41. The requirements of Crim.R. 41 are as follows:
 "A warrant shall issue under this rule only on an affidavit or affidavits sworn to before a judge of a court of record and establishing the grounds for issuing the warrant. The affidavit shall name or describe the person to be searched or particularly describe the place to be searched, name or describe the property to be searched for and seized, state substantially the offense in relation thereto, and state the factual basis for the affiant's belief that such property is there located. If the judge is satisfied that probable cause for the search exists, he shall issue a warrant identifying the property and naming or describing the person or place to be searched. The finding of probable cause may be based upon hearsay in whole or in part, provided there is a substantial basis for believing the source of the hearsay to be credible and for believing that there is a factual basis for the information furnished. Before ruling on a request for a warrant, the judge may require the affiant to appear personally, and may examine under oath the affiant and any witnesses he may produce. Such testimony shall be admissible at a hearing on a motion to suppress if taken down by a court reporter or recording equipment, transcribed and made part of the affidavit. The warrant shall be directed to a law enforcement officer. It shall command the officer to search, within three days, the person or place named for the property specified. The warrant shall be served in the daytime, unless the issuing court, by appropriate provision in the warrant, and for reasonable cause shown, authorizes its execution at times other than daytime. The warrant shall designate a judge to whom it shall be returned.
 "(D) Execution and return with inventory. The officer taking property under the warrant shall give to the person from whom or from whose premises the property was taken a copy of the warrant and a receipt for the property taken, or shall leave the copy and receipt at the place from which the property was taken. The return shall be made promptly and shall be accompanied by a written inventory of any property taken. The inventory shall be made in the presence of the applicant for the warrant and the person from whose possession or premises the property was taken, if they are present, or in the presence of at least one credible person other than the applicant for the warrant or the person from whose possession or premises the property was taken, and shall be verified by the officer. The judge shall upon request deliver a copy of the inventory to the person from whom or from whose premises the property was taken and to the applicant for the warrant. Property seized under a warrant shall be kept for use as evidence by the court which issued the warrant or by the law enforcement agency which executed the warrant."
In order to determine whether or not a landlord's "actual knowledge and/or reasonable cause to believe" was the result of a search warrant pursuant to Crim.R. 41, the affidavit for the search warrant at issue must be introduced into evidence. Even if the executing officer testified that the warrant complied with Crim.R. 41, the trial court still needs to see the affidavit and warrant given the fact that a warrant can be found to be so defective on its face that it is rendered invalid and therefore not in compliance with Crim.R. 41. See United States v. Leon (1984),468 U.S. 897.
The affidavit and search warrant which allegedly led to the arrest of appellee and John Poole were not entered into evidence. Detective Gaylord offered no testimony regarding the contents of the search warrant or the affidavit in support of the warrant. Gaylord merely testified that he executed a search warrant at appellee's premises and found marijuana. Carmen Taylor, manager of the property, never testified that she had "actual knowledge" or "reasonable cause to believe" that appellee was engaged in illegal activity. Rather, Taylor's scant testimony was that she hand delivered a "notice of termination of lease" to appellee on February 25, 2000.
Finding that appellant did not show "actual knowledge" or "reasonable cause to believe" that appellee was engaged in illegal activity, as those terms are defined in R.C. 1923.02(A)(6)(a)(i), appellant's sole assignment of error is found not well-taken.
On consideration whereof, the judgment of the Toledo Municipal Court is affirmed. Costs assessed to appellant.
James R. Sherck, J., CONCUR.
Mark L. Pietrykowski, P.J. CONCURS IN JUDGMENT ONLY.
 ____________________________ Melvin L. Resnick, J.